# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-23348-BLOOM/Otazo-Reyes

JOAN FORTUN,

      Plaintiff,

v.

IAERO THRUST LLC.,

      Defendant.

_____/

## <u>ORDER ON MOTION TO DISMISS</u>

**THIS CAUSE** is before the Court upon Defendant iAero Thrust, LLC's ("iAero") Motion to Dismiss Plaintiff's Complaint, ECF No. [17] ("Motion"). Plaintiff Joan Fortun ("Fortun") filed a Response, ECF No. [20], and iAero filed a Reply, ECF No. [28]. The Court has carefully considered the Motion, the Response, the Reply; the record in this case, the applicable law; and is otherwise fully advised. For the reasons that follow, the Motion is granted in part.

## I.    BACKGROUND

This action stems from the termination by iAero of its former employee, Fortun, after he contracted COVID-19. *See generally*, ECF No. [1]. Fortun alleges that he worked for iAero as a mover and inspector. *Id.* at ¶ 15. On July 25, 2020, Fortun "began experiencing COVID-19 symptoms" and "felt sick with a sore throat and a fever." *Id.* at ¶¶ 20-21. He informed iAero, which "immediately told Plaintiff to get tested for COVID-19." *Id.* at ¶ 22. Fortun then "waited for COVID-19 results in self-isolation required by governmental order." *Id.* at ¶ 24.

On July 29, 2020, Fortun told "Maria from Human Resources" that he had tested positive for COVID-19. *Id.* at ¶ 25. The next day, Maria told Fortun that "his position was terminated and

to turn in his ID badge after recovering from COVID-19." *Id.* at ¶ 26. Fortun contends that he was "terminated by [iAero] as a result of his COVID-19 diagnosis." *Id.* at ¶ 27.

Fortun asserts five causes of action: (1) discrimination under the Americans with Disabilities Act ("ADA"); (2) violation of the Families First Coronavirus Response Act ("FFCRA"); (3) discrimination under the Florida Civil Rights Act ("FCRA"); (4) retaliation under the FFCRA; and (5) and retaliation in violation of the FCRA. *Id.* at ¶¶ 30-80. Fortun alleges that he filed suit within 90 days of receiving a notice of the right to sue from the Equal Employment Opportunity Commission ("EEOC"). ECF No [1] at ¶ 13.

In the Motion, iAero moves to dismiss all claims with prejudice for failure to state a claim. ECF No. [17]. Fortun concedes to the dismissal of the FCRA claims but opposes dismissal of the ADA and FFCRA claims. ECF No. [20]. iAero moves to dismiss the ADA claim on three grounds: (1) the ADA claim is untimely because Fortun failed to file suit within 90 days of receiving the EEOC notice; (2) the ADA claims exceed the scope of Fortun's charge of discrimination; and (3) Fortun does not have a qualifying disability under the ADA. ECF No. [17] at 6, 9-15. iAero moves to dismiss the FFCRA claim on the ground that Fortun did not properly request paid sick leave under the Emergency Paid Sick Leave Act ("EPSLA"). *Id.* at 16-17.

## II.    LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

## III.   DISCUSSION

### A.     *Timeliness of the ADA Claim*

iAero acknowledges that Fortun alleges he filed suit within 90 days of receiving a notice of right to sue from the EEOC ("EEOC Notice"). ECF No. [17] at 6. But iAero contends that Fortun received the EEOC Notice on June 3, 2021, and brought this action 105 days later, on September 16, 2021. *Id.* iAero attaches the EEOC Notice to its motion to dismiss *See* ECF No. [17-3].

Fortun responds that although the EEOC Notice is dated June 3, 2021, he did not receive it until September 13, 2021. ECF No. [20] at 3. Fortun also represents he received an unsigned and unfilled notice on June 3, 2021, which prevented him from filing his case. *Id.* at 4. Fortun then summarizes several communications between his counsel's office and the EEOC regarding the EEOC Notice, *id.* at 3-4, none of which are pleaded in the complaint. *See* ECF No. [1].

When the EEOC dismisses an ADA claimant's charge of discrimination, "the aggrieved party may file a civil action against the employer 'within ninety days' after he receives the notice." *Robbins v. Vonage Bus., Inc.*, 819 F. App'x 863, 866 (11th Cir. 2020) (quoting 42 U.S.C. § 2000e-5(f)(1)). "Normally, the 'receipt' date that initiates the 90-day time limit is established by the plaintiff's actual receipt of the mailed notice letter from the EEOC." *Id.* at 867. "When the date of receipt is in dispute, we ordinarily presume that a mailing is received three days after its issuance." *Id.* But "this presumption does not apply if the plaintiff can show that receipt of the notice was delayed through no fault of his own." *Id.* (internal quotation marks omitted).

There is no bright-line rule to determine the date of actual receipt. *See Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005). Rather, timelines is analyzed "on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimum responsibility . . . without conditioning a claimant's right to sue . . . on fortuitous circumstances or events beyond [her] control." *Id.* (cleaned up). Notably, the Eleventh Circuit has instructed that plaintiffs have a "minimum responsibility . . . for an orderly and expeditious resolution of their claims" and has "expressed concern over enabling complainants to enjoy a manipulable open-ended time extension which could render the statutory minimum meaningless." *Id.* (cleaned up).

Here, although the parties disagree as to the exact receipt date of Fortun's EEOC Notice,

the lack of clarity does not provide a ground for dismissal. iAero is correct that the Court may take judicial notice of the EEOC Notice. *See Novelus v. Hebrew Home Sinai, Inc.*, No. 1:11-CV-24447-KMM, 2012 WL 2675478, at *2 n.2 (S.D. Fla. July 6, 2012). However, the EEOC Notice only states the date of mailing, which does not start the 90-day clock. *See Robbins*, 819 F. App'x at 867. Moreover, Fortun's explanation regarding the mailing and receipt of the notice is not pleaded in the Complaint and may not be considered at this stage. Nevertheless, Fortun has alleged that he filed suit within 90 days of receipt of the EEOC Notice, ECF No [1] at ¶ 13, which allegation the Court must accept as true at this juncture. *See Miccosukee*, 304 F.3d at 1084. The Court cannot engage in the necessary case-by-case analysis at the motion to dismiss. *See Kerr*, 427 F.3d at 952 (determining timeliness on summary judgment); *Robbins*, 819 F. App'x at 867-69 (same).

**B.**     ***Scope of Charge of Discrimination***

iAero contends that Fortun identified Title VII in his charge of discrimination, but not the ADA. ECF No. [17] at 10. Therefore, iAero contends that Fortun failed to exhaust his administrative remedies with respect to his ADA claims. *Id.* iAero attaches to the Motion a copy of Fortun's Employment Complaint of Discrimination before the Florida Commission on Human Relations ("FCHR"). ECF No. [17-1] (the "Charge").

Fortun responds that his Charge "checked off that his cause of discrimination was based on disability/handicap." ECF No. [20] at 6. Fortun also states that iAero made the same arguments before the FCHR as it does before this Court, "something [it] would not had needed to do if the ADA was never mentioned in [the] charge of discrimination." *Id.* Fortun further argues that he "checked off the box for disability discrimination in his Florida Commission on Human Relations' Technical Assistance Questionnaire for Employment Complaints." *Id.*

Prior to filing suit under the ADA, a plaintiff must exhaust his administrative remedies by

filing a charge with the EEOC. *See* 42 U.S.C. § 12117(a) (applying Title VII procedures to ADA); *Booth v. City of Roswell*, 754 F. App'x 834, 836 (11th Cir. 2018). However, such exhaustion is not required "in all situations, recognizing that literal compliance does not always effectuate the purpose of the requirement, which is to promote informal settlements." *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989). Indeed, "[o]ne such area in which . . . strict compliance . . . is unnecessary is where the plaintiff has filed a charge with the EEOC, but in [his] judicial action the plaintiff raises related issues as to which no filing has been made." *Id*. at 1547. "As long as allegations in the judicial complaint and proof are 'reasonably related' to charges in the administrative filing and 'no material differences' between them exists, the court will entertain them." *Id*. (quoting *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980)). Therefore, "[j]udicial claims which serve to amplify, clarify, or more clearly focus earlier EEO complaints are appropriate[, while] [a]llegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate." *Id*.

In this case, Fortun's Charge indicates that the cause of discrimination is based on disability/handicap, *see* ECF No. [17-1] at 1. In the narrative statement section of the Charge, Fortun states that he believes he was discriminated against under Title VII because of his suffering from COVID, which is also the basis for his ADA claim alleged in the Complaint. Properly viewed, the Complaint does not raise new acts of discrimination, but rather, raises an additional potential basis for liability. As such, the Court does not agree that the Complaint should be dismissed simply because the Charge fails to mention the ADA.

### C.   *Qualifying Disability*

iAero argues next that Fortun fails to state a cause of action for discrimination under the ADA because he did not have a qualifying disability. Plaintiff responds that he has sufficiently

alleged that Defendant perceived him as having COVID-19, and that COVID-19 is an impairment that is not transitory and minor.

Under the ADA, a plaintiff must establish the following three elements for a prima facie case: (1) the plaintiff "has a disability"; (2) the plaintiff is a "qualified individual"; and (3) the plaintiff was discriminated against because of a disability. *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255-56 (11th Cir. 2007). Under the ADA, a "disability" includes a "physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1)(A)-(C). A "physical or mental impairment" is

> [a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine; or [a]ny mental or psychological disorder, such as an intellectual disability . . ., organic brain syndrome, emotional or mental illness, and specific learning disabilities.

29 C.F.R. § 1630.2(h).[1] Major life activities "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Furthermore, the ADA specifies that

> [a]n individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

---

[1] The Eleventh Circuit has endorsed the Code of Federal Regulations interpretation of impairment. *See Harris v. H & W Contracting Co.*, 102 F.3d 516, 520 (11th Cir. 1996).

42 U.S.C. § 12102(3)(A). However, a person is not "regarded as having such an impairment" if the impairment is "transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B). To state a "regarded as" claim, a plaintiff must allege that "he was 'regarded as' disabled, he was a qualified individual, and that a 'covered entity' discriminated against him 'on account of' his disability.'" *Andrews v. City of Hartford*, 700 F. App'x 924, 926 (11th Cir. 2017) (citations omitted).

iAero argues that Plaintiff has not sufficiently alleged that he had a disability under the ADA due to a physical impairment because he has alleged only that he felt sick with a sore throat and fever. As a result, Defendant argues that Plaintiff's alleged impairment is transitory and minor, and does not substantially limit one or more of his major life activities. Plaintiff contends that whether an impairment is transitory and minor is a question of fact and should not be resolved at the pleading stage, and that Defendant misstates the requirements for a "regarded as" claim.

"When it enacted the [ADA Amendments Act of 2008 ("ADAAA")], Congress indicated that one of its purposes was to 'convey that the question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis.'" *Mazzeo v. Color Resols. Int'l, LLC*, 746 F.3d 1246, 1268 (11th Cir. 2014) (citation omitted). Moreover, the implementing regulations state that "[t]he primary purpose of the ADAAA is to make it easier for people with disabilities to obtain protection under the ADA," and that "the definition of 'disability' in this part shall be construed broadly in favor of expansive coverage to the maximum extent permitted by the terms of the ADA." 29 C.F.R. 1630.1(c). "In 'regarded as' cases, a plaintiff must show that the employer knew that the employee had an actual impairment or perceived the employee to have such an impairment at the time of the adverse employment action." *Equal Employment Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1316 (11th Cir. 2019).

Upon review, the facts alleged in the Complaint sufficiently allege a disability under the ADA. In pertinent part, Fortun alleges that he "began experiencing COVID-19 symptoms," and he "felt sick with a sore throat and fever." ECF No. [1] ¶¶ 20-21. Contrary to iAero's contention, Fortun need not allege that his impairment limited a major life activity. Indeed, following the amendments to the ADA, "a person would meet the 'regarded as having such an impairment' prong of the definition if he shows that he has been subjected to an action prohibited by the ADA on the basis of an actual or perceived physical impairment, 'whether or not the impairment limits or is perceived to limit a major life activity.'" *Andrews*, 700 F. App'x at 926. Fortun also alleges that he informed iAero, which directed him to get tested for COVID-19, that he informed Defendant that he tested positive, and a day later he was told that his position was terminated. *Id*. at ¶¶ 22-26. Fortun alleges he was terminated as a result of his COVID-19 diagnosis. *Id*. at ¶ 27. At the pleading stage, these allegations are sufficient to state a claim under the ADA.

Moreover, the Court should not determine whether Fortun's condition is transitory and minor, since the Court accepts the allegations in the Complaint as true, and the nature of his condition is an issue of fact. *See e.g., Lewis v. Fla. Default Law Grp., P.L.*, No. 8:10-cv-1182-T-27EAJ, 2011 WL 4527456, at *1 (M.D. Fla. Sept. 16, 2011) (concluding that impairment was transitory and minor at summary judgment).

**D.     *FFCRA Claims***

iAero argues that Fortun fails to state a claim for violation of the FFCRA because he did not properly provide the requisite information to iAero prior to taking paid sick leave, and he fails to properly plead that he engaged in a protected activity because he did not take valid leave. Fortun responds that he was only required to provide the necessary information as a soon as practicable. Fortun also contends that he properly pleaded that he was engaged in a protected activity when he

experienced COVID-19 symptoms and was instructed by Defendant to seek a medical diagnosis from a health care provider.

The FFCRA contains the EPSLA, which is modeled after the Fair Labor Standards Act ("FLSA"), and is intended to provided paid leave and other benefits for various reasons related to COVID-19. *O'Bryan v. Joe Taylor Restoration, Inc.*, No. 20-cv-80993 DIMITROULEAS/MATTHEWMAN, 2021 WL 53281, at *1 n.1 (S.D. Fla. Jan. 6, 2021). Claims regarding the failure to provide leave under the EPSLA and retaliation regarding paid sick leave under the EPSLA are enforced under the FLSA. 29 C.F.R. §§ 826.150(b)(1)-(2).

In pertinent part, the EPSLA provides that

> [a]n Employee is required to provide the Employer documentation containing the following information as a soon as practicable, which in most cases will be when the Employee provides notice under § 826.90:
> (1) Employee's name;
> (2) Date(s) for which leave is requested;
> (3) Qualifying reason for the leave; and
> (4) Oral or written statement that the Employee is unable to work because of the qualified reason for leave.

29 C.F.R. § 826.100(a). An employee must give notice to his employer of the need for leave. *See* 29 C.F.R. § 826.90(a)(1).

Here, iAero argues that Fortun failed to properly request leave under the regulations because he did not provide the requisite information prior to taking leave, and such failure precludes his FFCRA claims. However, the regulations do not support the strict application iAero urges in this case. First, the regulations specify that "the Department encourages, but does not require, Employees to notify Employers about their request for Paid Sick Leave or Expanded Family and Medical Leave as soon as practicable." 29 C.F.R. § 826.90(a)(1). In addition, "[i]f an Employee fails to give proper notice, the Employer should give him or her notice of the failure and an opportunity to provide the required documentation prior to denying the request for leave."

*Id*. Furthermore, the regulations state that "[n]otice may not be required in advance, and may only be required after the first workday (or portion thereof) for which an Employee takes Paid Sick Leave." 29 C.F.R. § 826.90(b). Whether or not Fortun properly requested leave is therefore not a determination the Court should make at the dismissal stage.

Similarly, iAero's request for dismissal of the FFCRA retaliation claim based on Fortun's failure to properly request leave fails. Specifically, iAero argues that Fortun failed to plead that he engaged in a protected activity. Upon review, the Court disagrees.

The EPSLA specifies that "[i]t shall be unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who takes leave in accordance with this Act[.]" Pub. L. No. 116-127 § 5104(1); *see also* 29 C.F.R. § 826.150(a). The EPSLA provides that a full-time employee is entitled to 80 hours of paid sick time. § 5102(b). Furthermore, an employer is required to provide paid sick time "[t]o the extent that Employee is unable to work due to a need for leave because: . . . [t]he Employee is subject to a Federal, State, or local quarantine or isolation order related to COVID-19; [or] is experiencing symptoms of COVID-19 and seeking medical diagnosis[.]" § 5102(a)(1),(3); *see also* 29 C.F.R. § 826.20(a)(1)(i), (iii). In the Complaint, Fortun alleges that he began to experience COVID-19 symptoms and informed iAero, who directed him to be tested. ECF No. [1] ¶¶ 20-22. Fortun also alleges that he waited for his test result in self-isolation required by governmental order, and that one day after informing iAero that he tested positive, he was terminated. *Id*. ¶¶ 24-26. Therefore, Fortun has properly alleged a qualifying need for leave. "[I]f an employee has a 'need for leave' . . . then [the EPSLA] protects [him] from discrimination—regardless of whether []he is also qualified to receive paid sick time during that leave." *Gracia v. Law Off. of Alexander E. Borell, P.A.*, 535 F. Supp. 3d 1268, 1270-71 (M. D. Fla. 2021). "[A]s a textual matter, § 5104(1)'s use of 'leave' covers discharge or discrimination

resulting from an employee's request for *all* types of COVID-19-related absence, including, but not limited to, absences accompanied by 'paid sick leave.'" *Id*. at 1272 (emphasis in original). As such, taken as true, the allegations in the Complaint are sufficient. Whether or not Fortun in fact properly requested paid leave is not an issue suitable for determination upon a motion to dismiss.

## IV.    CONCLUSION

For the foregoing reasons, the Motion, **ECF No. [17]**, is **GRANTED IN PART AND DENIED IN PART**. The FCRA claims are dismissed with prejudice. Defendant shall file an Answer with respect to the remaining claims in the Complaint, **no later than February 21, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 14, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record